IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG ALLAN WILLIAMS, :
:
    Petitioner :
:
  v. : CIVIL NO. 4:CV-08-1053
:
R. MARTINEZ, WARDEN, ET AL., : (Judge McClure)
:
    Respondents :

**MEMORANDUM**

June 3, 2008

**Background**

    Craig Allan Williams ('Petitioner"), an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania ("USP-Allenwood"), initiated this *pro se* petition pursuant to 28 U.S.C. §§ 2241 & 2254. The Petition is accompanied by an *in forma pauperis* application. Named as Respondents are USP-Allenwood Warden R. Martinez and Kenneth L. Wainstein, the United States Attorney for the District of Columbia.[1]  Petitioner will be

---

[1] The only properly named Respondent in a federal habeas corpus action is the petitioner's custodial official, in this case the Warden at USP-Allenwood.

granted leave to proceed *in forma pauperis*. However, for the reasons outlined below, his action will be transferred to the United States District Court for the District of Columbia.

Petitioner states that on March 16, 1990, he was convicted of first degree murder while armed following a jury trial in the District of Columbia Superior Court. On April 11, 1990, Williams was sentenced to a twenty (20) year to life term of imprisonment.

In his present action, Williams claims entitlement to federal habeas corpus relief on the grounds that his District of Columbia conviction violated his due process rights. Specifically, the Petition contends that his conviction was improper because his "appellate counsel, was ineffective in failing to raise trial counsel's ineffective cross-examination of Sandra Plummer[2] and argue that the trial court's determination [that the Parkway Guest House records would not have helped the petitioner's defense] was plainly wrong and without evidence to support it." Record document no. 1, p. 12.

## **Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule

---

[2] Plummer is described as being the only eyewitness to the crime and as testifying that Petitioner committed the murder.

4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). *See, e.g.*, *Mutope v. Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). It is noted that the Rules are applicable to § 2241 petitions under Rule 1(b). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." *Gorko v. Holt*, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134,141 (6th Cir. 1970).

Although Petitioner filed this action in part pursuant to § 2241, District of Columbia offenders are considered state prisoners for purposes of the federal habeas corpus statutes. *See Madley v. United States Parole Comm'n*, 278 F.3d 1306, 1309 (D.C. Cir. 2002). As a state prisoner, Williams must solely rely on 28

U.S.C. § 2254 to bring claims challenging the validity or the execution of his District of Columbia sentence. *See Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001). Thus, based on the nature of Petitioner's present claims, his action will be considered a petition solely brought pursuant to § 2254.

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. § 2242, *see also* § 2243. . . .'[T]hese provisions contemplate a proceeding against some person who has the **immediate** custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Rumsfeld v. Padilla*, 542 U. S. 426, 434-35 (2004)(emphasis in original)(citations omitted). There is no question that as a result of his present USP-Allenwood confinement, this Court has jurisdiction over Williams' petition.

However, notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a); *see also, Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484 (1973). Habeas proceedings are generally considered civil in nature. *See Hinton*

*v. Braunskill*, 481 U.S. 770, 776 (1987); *Parrott v. Government of Virgin Islands*, 230 F.3d 615, 620 (3d Cir. 2000)(the term "civil action" includes habeas petitions).

As previously noted, Williams is challenging the legality of his District of Columbia Superior Court conviction. The trial court is located within the jurisdiction of the United States District Court for the District of Columbia. All records of conviction, transcripts of proceedings, witnesses, counsel, and conviction records are likewise located within the District of Columbia. Thus, for the convenience of the parties and in the interest of justice, the action will be transferred to the United States District Court for the District of Columbia. *See Nelson v. United States of America*, Civil No. 3:CV-06-1239 slip op at 5  (M.D. Pa. July 25, 2006)(Conaboy, J.)(directing transfer of a 2254 petition challenging a District of Columbia Superior Court conviction to the United States District Court for the District of Columbia). An appropriate Order will enter.


    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge
IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG ALLAN WILLIAMS, :
        Petitioner :
        :
    v. : CIVIL NO.4:CV-08-1053
        :
        : (Judge McClure)
R. MARTINEZ, WARDEN, ET AL., :
        Respondents :
        :

## **ORDER**

June 3, 2008

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

    1.    Petitioner is GRANTED leave to proceed *in forma pauperis* for the sole purpose of filing this petition.

    2.    The Clerk of Court is directed to TRANSFER this case to the United States District Court for the District of Columbia.

    3.    The Clerk of Court is directed to CLOSE the case.

                              s/ James F. McClure, Jr.
                              James F. McClure, Jr.
                              United States District Judge